## McDANIEL *alias* HICKEY *vs.* THE STATE OF GEORGIA.

If the jury cannot conscientiously adopt the law as it is given to them in charge by the Court, it is not only their right, but their duty, to render a verdict according to the opinion which *they* entertain of the law; and they should be so instructed by the Court when requested to do so.

Indictment for Shooting, in Quitman Superior Court. Tried before Judge PERKINS, at May Adjourned Term, 1859.

The plaintiff in error was indicted and put on trial for shooting at one Richard Gay with a pistol.

The first panel of jurors, consisting of forty-eight, having been exhausted before the jury to try the case was made up, it was agreed that twenty-four more *tales* jurors should be summoned, which was done. The Court announced in the hearing of these last, that prejudice or bias for or against the accused, as used in the statute, meant prejudice or bias in the particular case before the Court.

Whilst selecting the jury, C. McKinney, one of the tales jurors, being called, in answer to the questions prescribed by statute, stated, that he had been acquainted with prisoner about twenty-five years, and that he had a prejudice against his conduct; but being restricted by the Court to a direct answer of the questions propounded, was pronounced competent and put upon the prisoner. He was then referred to triors, and proved the statement made as aforesaid; and the Court held the juror competent.

Another juror, Harrison, answering, in effect, the same way, was also declared competent.

A jury having been empannelled, the only evidence developed in the case was that of Richard Gay, who testified as follows:

Witness went to the Court ground on the first Saturday in May, where he had business; when he got there, the defendant and a man named Ussory were in the piazza talking; some one asked him what he was going to do with the measures, and he said he was going to have them ironed, and then walked into the Court room; in a few minutes,

walked out and had a settlement with Wilkins; was not there exceeding half an hour; Court adjourned; the defendant was missing; no one knew where he had gone; witness started on to the shop, and was attacked by a dog that rushed out of the bushes at witness; after fighting him awhile, the dog went back the way he came; witness walked on a piece, and was either hailed, or whether it was setting on the dog, witness did not know; it was behind him; then thought it was some one hailing him; since thought it was setting on the dog; witness turned on the right, and as he turned half around, the prisoner was standing in the road bare-headed, with a pistol presented, and fired it; witness was doing nothing to the prisoner; did not know he was there; prisoner fired at witness, as he thought; it was in this county; thought at the time it was about forty yards; that would cover the distance; was going to James Cole's shop; prisoner raised the pistol again, and he knew it was a repeater; he tried it as much as twice; but if the cap bursted or the hammer fell, he did not know it; continued to set the dog on witness; walked off about fifteen steps before he looked around; when he looked around he was advancing with the pistol in front of him; the dog had stopped; walked then; when he looked around, prisoner and dog both had stopped; bushes intervened; thought he would go to Cole's and get a gun and come back and make himself even with him; Cole had no gun; Shirley had one but no shot; then determined to go and take a warrant for him, which he did. This is about what transpired.

The jury returned a verdict, finding the "prisoner guilty of the charge as stated in the bill of indictment."

Council for defendant moved for a new trial on the following grounds:

1st. Because the Court erred in announcing to the second panel of twenty-four jurors, that prejudice, as used in the statute, meant prejudice or bias for or against the accused in the particular case then before the Court.

2d. That the Court erred in declaring the jurors, McKinney and Harrison, competent to try the case.

3d. That the Court erred in refusing to charge the jury, as requested: "That they were the judges of the law and facts, and were bound under their oaths as jurors in this case, to decide the law according to their own opinion of

McDaniel *alias* Hickey *vs.* The State of Georgia

the law, although they may differ with the Court in its charge to them as to the law."

4th. That the Court erred in refusing to charge the jury as requested by prisoner's counsel: "That if the jury believe from the testimony that the accused was guilty of the assault with intent to murder, he is not guilty, under the law, of shooting at another person, and is entitled to a verdict of acquittal."

5th. That the Court erred in refusing to charge as requested: "That if the jury believe from the evidence that prisoner did shoot off a pistol at Richard Gay, still, they cannot find the prisoner guilty of the offense with which he stood charged unless the State went further and proved that the pistol was loaded with powder and ball, or powder and shot, or with ball and shot."

6th. Because the Court refused to charge the construction the Supreme Court had put upon the Act of 1856, in the case of *Allen vs. The State, in* 28 *Ga. Rep., p.* 473, as the law governing and controlling this case—counsel for defendant having handed the case to the Court with the request so to charge.

7th. That the verdict was without sufficient evidence to support it, and contrary to law and the evidence.

The Court refused the motion for a new trial, and counsel for defendant excepted.

BEALL and WORRILL, for plaintiff in error.

Solicitor General BAILY, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

While we are not prepared to endorse the opinion expressed by the Court in this case, that prejudice or bias for or against the accused, as used in the statute, means prejudice or bias in the particular case before the Court, but, on the contrary, somewhat doubt the propriety of so restricting the language of the Code, shall forbear so to adjudge this point. The words of the law are, prejudice or bias—not against crime, it is true, but against the prisoner at the bar. And the limitation imposed by the presiding Judge is an interpolation certainly not warranted by the terms of the Act, and

we are very much inclined to think, equally at variance with the philosophy of the rule.

The Court was requested to charge the jury, that they were the judges of the law and facts, and were bound under their oaths as jurors in this case, to decide the law according to their own opinions of the law, although they may differ from the Court, in its charge to them as to the law.

The jury being constituted by the Code the judges of the law as well as of the facts, in a criminal case, we reaffirm, emphatically, the doctrine laid down in *Keener vs. The State,* 18 *Ga. Rep.*, 194; and this tribunal must be remodelled, or the law changed, before one jot or tittle of the principles there stated will be abated; and that it is, that while it is the duty of the jury to listen with that respect which is so eminently proper to the law as expounded by the Court, and to adopt it, provided they can conscientiously do so, still, if, after all this, it is their misfortune to differ conscientiously from the Court, it is not only their right, but their duty, to find a verdict according to the opinion which *they* entertain of the law. And instead of being guilty of perjury in doing so, they *are* guilty of perjury if they do not. For, in this case, their finding is not *their* verdict.

A verdict includes both the law and the facts; and it must not be made up of the Judge's view of the law, about which they differ from the Court, and *theirs* as to the facts only; it must be wholly theirs. And this must necessarily be so. If the jury differ from the Court in civil cases, as to the law, the Judge may grant a new trial, *toties quoties,* and thereby constrain them to adopt his direction or opinion. Not so, however, in criminal cases. They return a verdict directly contrary to his charge—in the very teeth of it—in favor of the accused, and laugh in the face of his Honor, and the Court is impotent to coerce them into conformity.

We do not think counsel for the defendant was entitled to the other instructions asked.